IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA KAY McCONNELL,                )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )   Civil Action No. 11-516
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
                Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23 day of July, 2012, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying her application for
disability insurance benefits ("DIB") under Title II of the Social
Security Act ("Act"), IT IS ORDERED that the Commissioner's motion
for summary judgment (Document No. 12) be, and the same hereby is,
granted and plaintiff's motion for summary judgment (Document No.
10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by
substantial evidence, a reviewing court is bound by those
findings, even if it would have decided the factual inquiry

AO 72
(Rev. 8/82)

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed her DIB application on August 17, 2008, alleging disability beginning May 2, 2006, due to degenerative disc disease of the lumbar spine, depression and obesity. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 28, 2010, at which plaintiff appeared represented by counsel. On May 21, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 1, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 39 years old on her alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a corrections officer, home attendant, resident care aide, housekeeper/cleaner and teacher's aide, but she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that she is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with the additional limitations that she only can sit up to four hours per day, and she can stand and walk up to four hours per day (the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as a gate guard or cashier. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§23(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her]

⬛AO 72
(Rev. 8/82)

age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1]  20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 of the sequential evaluation process because he improperly evaluated and rejected her subjective complaints of pain, and thus incorrectly assessed her residual functional capacity. The court finds that these arguments lack merit.

First, regarding plaintiff's credibility argument, a

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

claimant's complaints and other subjective symptoms must be supported by objective medical evidence.   20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).   An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).   Here, the ALJ properly analyzed plaintiff's subjective complaints of pain, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's own statements about her symptoms, her activities of daily living, and the nature and extent of her treatment.   See 20 C.F.R. §§404.1529(c)(1)-(c)(3); Social Security Ruling 96-7p.   The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work.   20 C.F.R. §404.1529(c)(4).   The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability, and further found that plaintiff's testimony regarding her pain and resulting limitations was not entirely credible.   (R. 14-15).   This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 15-16), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next claims that the ALJ's RFC Finding failed to account for her subjective allegations of pain and the resulting limitations that she claimed to experience. To the contrary, the ALJ's RFC Finding incorporated all of plaintiff's functional limitations that the evidence of record supported, including a restriction to sedentary work, along with accommodations for sitting, standing and walking. Accordingly, the court finds that the ALJ's RFC Finding was supported by substantial evidence.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:    Lindsay Fulton Osterhout, Esq.
       521 Cedar Way
       Suite 200
       Oakmont, PA 15139

       Albert Schollaert
       Assistant U.S. Attorney
       700 Grant Street
       Suite 4000
       Pittsburgh, PA 15219